STATE ex rel. CALDWELL *v.* DISTRICT COURT OF NINTH JUDICIAL DISTRICT.

[Submitted December 11, 1895.    Decided December 16, 1895.]

New Trial—*Appeal from order granting—Waiver—Certiorari.*—Where defendant's counsel of record, after plaintiff's motion for a new trial had been granted, asked leave to amend his answer, consented to the setting of the cause for trial and demanded a jury, a subsequent attempt to appeal from the order would not deprive the court of jurisdiction to try the case; and it was proper for the district judge, in his return to a writ of *certiorari,* to make the minutes more certain by an affidavit setting forth these facts.

Original proceeding. Application for writ of *certiorari.* Writ dismissed.

Statement of the case by the court.

The relator's affidavit is that he is the defendant in an action entitled *Bohart* v. *Caldwell,* lately pending in the district court of Gallatin county; that on January 26, 1895, a verdict was rendered in said action in favor of defendant, and there-

after, on February 4, 1895, a judgment was duly entered up-
on said verdict in defendant's favor; that thereafter the plaint-
iff in said action prepared his statement on motion for a new
trial, which was settled and allowed, and gave notice of inten-
tion to move for a new trial; that on March 25, 1895, the
court sustained the motion for a new trial, and made its order
accordingly; that thereafter the court set said cause for trial on
April 8, 1895; that this relator, being dissatisfied with said
order sustaining said motion for a new trial, on the 4th of April
1895, prepared and served his notice of appeal to the supreme
court, and filed his undertaking on appeal April 5, 1895; that
notwithstanding said appeal the district court, over the objec-
tion of relator, proceeded to try said cause, and that the case
was tried and a verdict rendered on April 8, 1895, and that
on April 9, 1895, the court rendered its so-called judgment
in favor of plaintiff and against defendant; that an execution
has been issued, and plaintiff is attempting to collect the
amount due on said so-called judgment, notwithstanding the
appeal.    Relator concludes by averring that the district court
exceeded its jurisdiction, and asks for a writ of *certiorari* com-
manding said court to certify to this court the transcript of the
records and proceedings in the action aforesaid as fully and as
entirely as it remains before said court, etc.

Hon. F. K. Armstrong, judge of the district court for Gal-
latin county, forwarded the proceedings in the said case of
*Bohart* v. *Caldwell*, and appended thereto his own affidavit.
It appears by the district court clerk's minutes that a state-
ment on motion for a new trial in the case of *Bohart* v. *Cald-
well* was signed and allowed on March 11, 1895; service hav-
ing been accepted by W. G. Fleischhauer, attorney for de-
fendant, on February 26, 1895.    On March 25th the motion
for new trial, having been submitted, was sustained.    On April
1st the case was set for trial on April 8th, and it was or-
dered "that defendant be permitted to file an amended answer
upon the payment of all costs incurred up to this date."    On
April 2d the order made permitting defendant to file an
amended answer, and requiring him to pay all costs up to date,

was modified so as to read, "all costs incurred during the last term of court." On April 3d, by the minutes, "defendant is given until to-morrow morning to file his amended answer, and to pay the costs ordered by the court." On April 5th notice of appeal was filed in said cause, appealing from the order made on the 25th of March, sustaining plaintiff's motion for a new trial, and granting plaintiff a new trial of said action. This notice was signed by W. G. Fleischhauer, attorney for defendant, and served upon E. P. Cadwell, attorney for plaintiff, April 4th. On April 8th the cause was called for trial at which time Messrs. Luce & Luce entered their appearance as co-counsel for defendant, and objected to the trial for the reason that the court had lost jurisdiction of the case, "an appeal to the supreme court having been perfected by the defendant, which objection is overruled by the court, and the defendant declines to proceed with the case." The minutes show that the case was then tried, and a verdict rendered for the plaintiff. Thereafter, on April 20th, execution was issued on a judgment in said case.

The affidavit of Judge Armstrong, so far as material, is that Mr. Fleischhauer, attorney of record for the defendant, had stated to the judge, in his chambers, that he would rather that the judge grant the motion for a new trial pending as heretofore noticed, as he desired to amend his answer; that when the motion for a new trial was granted, March 25th, said Fleischhauer was present in court, and asked permission to file an amended answer; that the attorney for the plaintiff objected to the filing of an amended answer, except upon terms; that a copy of the amended answer was served upon Cadwell, as attorney for plaintiff, and that on April 1st, in open court, the judge proceeded to call the docket and to set cases for trial; that said Fleischhauer then renewed his application to file an amended answer, and was then and there granted permission to file the same upon the payment of costs, as hereinbefore recited; that said cause was then set for trial on April 8th, without objection from either party, and said Fleischhauer then and there demanded a jury for said cause, which request

was granted, and said cause set for trial by a jury; that no application was ever made to said court to withdraw the request to file an amended answer in said cause, nor to vacate the order setting said cause for trial.

The relator moved to strike from the record the entire affidavit of Judge Armstrong, because it was not part of the record in the case of *Bohart* v. *Caldwell*, as it existed on April 22, 1895, at the time of the issuance of the writ of *certiorari*, and for the further reason that said affidavit is not an answer to the facts alleged in the relator's affidavit, and that the cause cannot be tried upon affidavits, but the examination should be confined to the record in said case of *Bohart* v. *Caldwell.*

*Luce & Luce,* for Relator.

*Henri J. Haskell,* Attorney General, for Respondent.

PER CURIAM.—Our inquiry, under the record and briefs in this case, is limited to the sole question whether the district judge exceeded his jurisdiction in proceeding to try the case of *Bohart* v. *Caldwell.* (*State ex rel. Murphy* v. *Judge of Second Judicial District Court,* 10 Mont. 401.) We are clearly of opinion that he did not. We doubt whether it is necessary to go beyond the minute entries of the clerk to gather therefrom that, after a new trial was granted, leave to amend the answer in *Bohart* v. *Caldwell* was presumably asked by defendant before it was granted by the court. We think it is also a fair presumption that when a new trial of a case is granted, and when the minutes show that the case is set for trial by the court, and no objection appears of record thereto. the parties have waived their right of appeal from the order granting a new trial. But, if we go too far in these views, it certainly is proper for the district judge to make the minutes more certain by setting forth in his return to an application for a writ of *certiorari* that the defendant's attorney of record asked leave to amend his answer, consented to the setting of the cause for trial, and demanded a jury, all after the motion for a new trial had been

granted.   Defendant's counsel  of record  having  knowingly abided by the order granting a new trial, and proceeded there-under,  the  subsequent  attempt  by  him  or  his  co-counsel to appeal from that order could not deprive the district court of its jurisdiction to proceed with this case as it did.

The writ is dismissed.

*Writ dismissed.*