## MUSKOGEE ELECTRIC TRACTION CO. v. GREEN.

No. 11586—Opinion Filed May 29, 1923.

Rehearing Denied July 10, 1923.

**1. Corporations—Service of Process—Sufficiency.**

A return of the service of summons on a domestic corporation, which shows that neither the president, chairman of the board of trustees nor directors, nor other chief officers, cashier, treasurer, secretary or clerk, nor other of said corporation were found in the county, and the writ was served upon the managing agent, is sufficient. The statute (4715, R. L. 1910) contemplates that the absence of one officer of the company—"the chief officer"—opens the door for legally serving summons upon any one of the subordinates designated in the statute.

**2. Husband and Wife — Right of Married Woman to Sue.**

A married woman, though living with her husband, has a statutory right to her separate earnings, and a natural right to her health, strength, skill, and capacity to earn: and under section 3363, R. L. 1910, she may maintain an action in her own name for any injuries sustained to either her statutory or natural rights.

**3. Same—Action for Personal Injuries—Items of Recovery.**

In an action for personal injuries, caused by the negligent act of another, a married woman living with her husband, and suing in her own name, may recover for the loss of capacity to earn, if resulting from such negligence, and for cost of medical treatment, if paid, or to be paid, out of her separate earnings.

**4. Same—Instructions.**

It is not error for the court to instruct the jury: "And in making your estimate you may consider, first, such special expense as may be shown by the testimony to have been incurred by the plaintiff by reason of her injuries during the period of her disability; second, fair compensation for the mental and physical suffering caused by the injury; third, the probable effect of the injury in the future upon her health, and generally any reduction of her power and capacity to perform the services and work to which she was accustomed and pursue the course of life which she might otherwise have done; fourth, such expense as, in your judgment, she would likely incur in the future for medical services as you find, from the evidence, are reasonably certain it will be necessary for her to have."

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Muskogee County; Benjamin B. Wheeler, Judge.

Action by Nellie J. Green against Muskogee Electric Traction Company, a corporation. Judgment for plaintiff. Defendant brings error. Affirmed.

C. A. Summers (B. B. Blakeney, J. H. Maxey, and Christy Russell, of counsel), for plaintiff in error.

Harlow A. Leekley and Harry G. Davis, for defendant in error.

Opinion by PINKHAM, C. This was an action commenced in the district court of Muskogee county, Okla., on August 8, 1919, by defendant in error, Nellie J. Green, who was plaintiff below, against plaintiff in error, Muskogee Electric Traction Company, a corporation, defendant below. Parties will hereafter be referred to as they appeared in the court below.

The plaintiff in her petition charges the defendant with negligence for failing to provide a safe and suitable car for the transportation of passengers; that the car upon which plaintiff was riding on the 11th day of August, 1917, was old, out of repair; that its windows were not safely and properly equipped with fasteners to keep the windows from falling while the car was in motion; that while plaintiff was sitting by an open window of the defendant's car, the window fell, striking plaintiff's arm and shoulder, thereby causing the injuries complained of;

that on account of such injuries plaintiff has suffered great pain, in mind and body, and will continue to suffer; that she has incurred great expense for doctor's bills, and will be put to still further expense on account of the permanence of her injuries, and that she has had to pay for employing assistance in performing her household duties.

On the same date of the filing of the petition, summons was issued by the court clerk of Muskogee county, Okla., which, without its formal parts, is as follows:

"You are hereby commanded to notify Muskogee Electric Traction Company, a corporation, (serve W. M. Cutlip, secretary and treasurer, or R. D Long, general manager) that they have been sued by Nellie J. Green, in the district court sitting in and for said county of Muskogee and state of Oklahoma. * * * "

On the 12th day of August, 1919, the sheriff of Muskogee county made his return showing the service of summons, which, omitting its formal parts, is as follows:

"I received this summons on the 9th day of August, A. D. 1919, and served the same on the within named corporation on the 12th day of August, A. D. 1919, at 12:30 o'clock p. m. of said day, by then and there delivering a true and certified copy thereof to R. D. Long, manager of the Muskogee Electric Traction Company, and person in charge of the business of the said corporation at Muskogee, Muskogee county, state of Oklahoma, at the office and general place of business of said corporation, in the said county and state; and I further certify that neither the president, chairman of the board of trustees, or directors, nor other chief officers, cashier, treasurer, secretary or clerk nor other of said corporation were found in my said county; and I further certify that there has been no agent appointed by the said corporation in this county upon whom service shall be made as provided by law."

On the 2nd day of September, 1919, the defendant filed its special appearance and motion to quash said summons, upon the grounds—

"(1) That the same was not issued, served and returned according to law, and is insufficient to confer jurisdiction on this court, and

"(2) That the summons in this case was served on R. D. Long and the said return thereof affirmatively shows that the said R. D. Long was not a person upon whom service might be had, and

"(3) That at the time of the service of said summons, W. M. Cutlip, secretary and treasurer of said defendant, was within the county of Muskogee, and state of Oklahoma, and was the proper person upon whom service upon the said summons should have been made, and

"(4) That no attempt was made to serve the said summons on W. M. Cutlip by reason of the fact that the summons directed that the same be served on either W. M. Cutlip or R. D. Long."

On the 8th day of September, 1919, the court overruled the defendant's special appearance and motion to quash, to which the defendant duly excepted.

On the 11th day of September, 1919, the defendant company filed its answer, in which it denied the allegations of the plaintiff, and for a further defense said that if it was guilty of negligence, as charged by the plaintiff, which it denied, the plaintiff contributed to the negligence which caused her injuries, because she was sitting with her arm out of the window and in a negligent position, and that this was the proximate cause of the injuries received by her, if any, and asked that the plaintiff take nothing by her suit.

To the answer of the defendant, the plaintiff replied, denying the defendant's allegations of defense, and especially denied that she was guilty of contributory negligence, or that she was sitting in the defendant's car with her arm out of the window, and was in a negligent position, and reaffirmed her charge of negligence by the defendant.

The case was tried to a jury, and the plaintiff recovered a verdict of $1,500; whereupon the defendant company filed a motion for new trial, which was overruled, to which the defendant excepted, and a judgment was rendered for the sum mentioned, from which judgment this appeal is prosecuted.

While there are various assignments of error, counsel for defendant in their brief argue only two of them. The first is:

"The court erred in overruling the special appearance and motion to quash, set aside, and hold for naught, the summons and purported service thereof in said action, to which the defendant at the time duly excepted, same being the first assignment of error."

The second is:

"The trial court committed error in permitting the recovery by the wife for services rendered by her in discharging her household duties, and for the loss of such services occasionally by injury to her. The court erred in permitting evidence to this effect to be introduced and also in instructing the jury that the wife could recover for same, all over the objections and exceptions of the defendant."

Counsel for defendant in their brief contend that the return of the officer "shows affirmatively that the said R. D. Long was not a person upon whom such service might be had."

The case of Shawnee-Tecumseh Traction Co. v. Webster, 68 Okla. 299, 174 Pac. 166, is cited as sustaining defendant's contention. The return on the summons, which the court in the case referred to held invalid, was as follows:

·"Received the within on the 18th day of May, 1915, at —— o'clock a. m., and the defendant corporation named within having failed to designate or appoint any person upon whom service of summons might be made, and not being able to find the president, chairman of the board of directors or trustees, or other chief officer, cashier, treasurer, secretary, clerk, managing agent, and local superintendent of repairs, freight agent, agent to sell tickets, or station keeper of said defendant in corporation in my county, I served the same on O. A. Weddle, superintendent of the Shawnee-Tecumseh Traction Co., on the 19th day of May, 1915, by delivering to him a copy of the said summons with all indorsements thereon duly certified."

In the opinion it is said:

"The persons upon whom summons against corporations may be served are enumerated in section 4715, Rev. Laws of Oklahoma. It provides that if the chief officer cannot be found service may be had upon the cashier, secretary, clerk or managing agent, and if none of them can be found by a copy left at the office or usual place of business of such corporation. The statute does not provide that summons may be served upon the superintendent as appears from the return as was done in this case."

But the statute does provide that summons may be served upon the managing agent, among others named therein, if the chief officer cannot be found.

Furthermore, in the case referred to the return did not certify that a copy of the summons was "left at the office or usual place of business of the corporation with the person having charge thereof."

In the case of St. Louis & San Francisco Ry. Co. v. Reed, 59 Okla. 95, 158 Pac. 399, cited by counsel for defendant, a summons was issued and the same was returned with the following indorsements thereon:

"I received this summons on the 25th day of June, A. D. 1914, and served the same upon the within named corporation on the 25th day of June, A. D. 1914, at 11:15 o'clock a. m. of said day, by then and there deliver-ing a true and certified copy thereof to R. D. Homsher, chief clerk at Muskogee, Oklahoma, for the St. Louis & S. F. R. Co., a corporation, and person in charge of the business of the said corporation at Muskogee, in Muskogee county, state of Oklahoma, at the office and usual place of business of the said corporation, in the said county and state, as provided by law."

In the syllabus it is held:

"The service of summons upon a corporation, other than railroads, must be made upon the president, mayor, chairman of the board of directors or trustees, or other chief officer, or if its chief officer is not found in the county, upon its cashier, treasurer, secretary, clerk or managing agent, or if none of the aforesaid officers can be found, by a copy left at the office or usual place of business of the said corporation with the person having charge thereof, and the return of the sheriff, or other officer making the service must show why the service was not made upon one of these officers, before a return showing service upon any of the officers named can be justified or upheld."

And in the body of the opinion it is said:

"No excuse was made by the officer making the service of summons in the case, in his return why service was not made upon one of the officers named in the statute."

. The case of Oklahoma Fire Insurance Co. v. Barber Asphalt Co., 34 Okla. 149, 125 Pac. 754, is also cited. In that case summons was attempted to be served upon the defendant—

"by delivering a certified copy of the within summons with all the indorsements thereon to Eck E. Brooks, one of the directors of said company; he being the highest officer of said defendant company, the Okla. Fire Ins. Co. found in my county."

In holding the service invalid, it is said in the syllabus: ·

"(2) A service of summons upon a director of a domestic corporation, other than the chairman of the board, is unauthorized by section 5604, Comp. Laws of 1909, it not appearing in the return that such director was chairman of the board or that he occupied any office named in said section, though the return cites that the director was 'the highest officer' of the defendant corporation to be found in the county.

"(3) A director, by or through the authority of his office, is not a 'chief officer,' or 'managing agent' of a domestic corporation within the meaning of section 5604, Comp. Laws 1909; hence service of summons upon a corporation cannot be had by a delivery of the summons to such director."

In the opinion it is said:

"A number of the states have enacted that service on a corporation may be made upon a director. There is, however, no such statute

in this state, though the statute specifically provides that service of summons may be had upon the chairman of the board of directors. The return of the officer does not show that Eck E. Brook was the chairman of the board, but instead that he was one of the directors of the corporation."

The cases referred to by counsel for defendant do not, we think, support their contention that the service of summons in the case at bar is invalid. The officer making the return on the summons in this case states very clearly and fully:

"That neither the president, chairman of the board of trustees or directors, nor other 'chief officer,' cashier, treasurer, secretary or clerk nor other officer in said corporation were found in my county."

In the case of Colonial Refining Co. v. Lathrop, 64 Okla. 47, 166 Pac. 747, it is held in the syllabus:

"A return of the service of summons on a domestic corporation, which showed that the president was not found in the county, and that the writ was served upon the managing agent, is sufficient. The statute contemplates that the absence of one officer from the county—'the chief officer'—opens the door for legally serving summons upon any one of the subordinates designated by the statute. It does not contemplate the absence of a multiplicity of chief officers, but makes the definite provision that if the one, single, chief officer is not found in the county, the service may be had upon either the cashier, treasurer, secretary, clerk, or managing agent."

The return in the Colonial Ref. Co. Case, supra, was as follows:

"Received this writ February 9th, 1914, and as commanded therein I summoned the following persons of the defendant within named, at the time following, to wit: President or secretary not being found in Payne county, I served by delivering a copy to Roy B. Jones as manager of the Colonial Refining Company, at Cushing, Oklahoma, February 14, 1914."

In the opinion it is said:

"While the return in this case may not be worded just as we would have worded it, yet it does say that the president was not found in the county, and that the writ was served on Roy B. Jones, manager of the corporation —this we think was sufficient, and the court did not err in overruling the motion to quash."

The court did not err in overruling the defendant's motion to quash in the case at bar.

Counsel for defendant say in their brief that:

"All the other assignments of error relate to the one proposition and may be discussed under the one head, that the trial court erred in permitting the recovery by the wife for services rendered by her in discharging her household duties, and for the loss of such services and for doctor's bills, and nurse hire occasioned by the injury."

The argument of counsel for defendant in support of the above proposition may be briefly stated as follows: That the plaintiff was a married woman, living with her husband, and caring for her household duties as a housewife; that she had no separate business or income; that the law placed upon her husband the responsibility of paying the household expenses and doctor's bills for the family; that if loss was suffered in those particulars, the husband alone could maintain an action to recover therefor; and that the trial court committed error in permitting the introduction of evidence showing the amount that had been paid for services for household duties, doctor's bills, and nurse hire since the injury. And, finally, that the court erred in refusing to instruct the jury that plaintiff could not recover for such expenses, and also erred in instructing the jury to consider these items in making their estimate of the amount which the plaintiff should recover, if they found that she was entitled to recover in the case.

There is evidence in the record, uncontradicted, that the plaintiff's family consisted of her husband, herself, and three children, and that for a long time prior to the injury complained of the husband had given the plaintiff $25 a week to pay the household expenses, which was her income, and was her money absolutely, and all that she saved over and above the amount given her for said purpose stated, belonged to her. The evidence is also uncontradicted that the plaintiff, down to the time of the injury, did her own housework without assistance, which included the household washing, ironing, sweeping, cleaning, sewing, etc.; that after the injury, and for two years and a half thereafter, the plaintiff had been totally incapacitated from doing any of her household work; that her husband continued to pay her as before, but gave her an additional amount, and that out of the money so paid her to maintain the household, the plaintiff, being unable herself to do the work, or any part of the same, as formerly, had been obliged to hire some one to do the cooking to take care of the house, and do all of the housework, which she had formerly done. The plaintiff was permitted, over the objections of the defendant, to state the amount of money that she had paid out for

hiring services from the time of the injury, August 11, 1917, down to the time of the trial, August 8, 1919. She was also permitted by the court to state the amount of doctor's bills and nurse bills paid, and to be paid for her, on account of the injury.

In support of their contention counsel for defendant in their brief direct attention to the following cases; Brooks v. Schwerin, 54 N. Y. 344; Uransky' v. Drydeck, etc., R. R. Co., 118 N. Y. 304; Georgia R. R. & Banking Co. v. Mahala J. Tice et al., 124 Ga. 459, 4 Ann. Cas. 200; A., T. & S. F. Ry. Co. v. McGinnis (Kan.) 26 Pac. 453; Union St. Ry. Co. v. Stone (Kan.) 37 Pac. 1012; Denver & R G. R. v. Young (Colo.) 70 Pac. 688.

In the case of Enid City Railway Co. v. Reynolds, 34 Okla. 405, 126 Pac. 193, it was contended by the plaintiff in error that a married woman living with her husband could not recover for loss of earning capacity, nor for expense of medical treatment for her injuries, and in support of such contention cited the same cases relied upon by counsel for defendant in this case. In Enid City Railway Co., supra, it is said in the opinion:

"In Brooks v. Schwerin, supra, the contention of plaintiff in error is not supported. In the opinion the court said:

" 'If the defendant had requested the court to charge that the plaintiff could not recover for the loss of services to her husband in his household in the discharge of her domestic duties, the request could not properly have been refused. But the request was broader, and proceeded upon the idea that all her time and services belonged to her husband, and that she could not recover anything for the value of her time, or for the loss of any services while she was disabled. She was earning in an humble capacity ten shilling a day, and, so far as she was unable to earn this sum, the loss was hers, and the jury had the right to take it into account in estimating her damages. Suppose she had been a teacher in a school, or a clerk in a store, earning a salary of $1,000 per year, could she not have shown the loss of her salary as one of the facts to be considered by the jury in estimating her damages? She certainly could if she had been a feme sole, and under the present statute she had the same right, being a married woman."

Neither does Uransky v. D. D. E. B. & B. R. Co., supra, support the contention. In that case the court held that plaintiff could not recover because of lack of necessary allegations in the petition, and not because she was precluded under the circumstances from recovery.

Neither does A., T. & S. F. Ry. Co. v. McGinnis, Street Ry. Co. v. Stone, nor D. & R. G. Ry. Co. v. Young, supra, support the contention of the plaintiff in error. In each of these cases it is conceded that a married woman suing in her own name for personal injuries, may recover for injuries which incapacitate her from performing labor or carrying on business on her own separate account."

Sections 3363 and 4684, Rev. Laws 1910, respectively, provide:

"Sec. 3363, Rights of Married Women. Woman shall retain the same legal existence and legal personality after marriage as before marriage, and shall receive the same protection of all her rights as a woman, which her husband does as a man; and for any injury to her reputation, person, property, character or any natural right, she shall have the same right to appeal in her own name alone to the courts of law or equity for redress and protection that her husband has to appeal in his own name alone. * * *"

"Sec. 4684. Married Women May Sue and be Sued. A married woman may sue and be sued in the same manner as if she were unmarried."

These sections appear to give no support to defendant's contention as to the legal status of the plaintiff in this case.

Finally, counsel for plaintiff in error in their brief state that the court erred in giving instruction No. 3, which is as follows:

"If you find that the plaintiff is entitled to damages, she should be fairly and justly compensated for the injuries she has sustained. And in making your estimate you may consider, first, such special expenses as may be shown by the testimony to have been incurred by the plaintiff by reason of her injuries during the period of her disability; second, fair compensation for the mental and physical suffering caused by the injury; third, the probable effect of the injury in the future upon her health, and generally any reduction of her power and capacity to perform the services and work to which she was accustomed and pursue the course of life which she might otherwise have done: fourth, such expense as, in your judgment she would likely incur in the future for medical services, as you find, from the evidence, are reasonably certain it will be necessary for her to have, if any there be on account of the injuries received by her as alleged, and allow her such an amount as damages for such injuries as, in your sound and deliberate judgment, she is entitled to under the evidence in this case, not exceeding a total amount of $2,500."

In the Enid City Railway Case, supra, an instruction identical with the one complained

of by the defendant was upheld, and in the opinion in that case it was said:

"This instruction fairly states the law followed by the weight of authorities, (34 Okla., at p. 411); City of Wyandotte v. Agan, 37 Kan. 528, 15 Pac. 529; Jordan v. Middlesex Ry. Co., 138 Mass. 425; Hamilton v. Great Falls Ry. Co., 17 Mont. 334, 42 Pac. 850, 43 Pac. 713; Tex. & Pac. Ry. Co. v. Humble, 181 U. S. 57, 21 Sup. Ct. 526, 45 L. Ed. 747; Colorado Springs & I. Ry. Co. v. Nichols, 41 Colo. 272, 92 Pac. 691, 20 L. R. A. (N. S.) 215, and notes cited in the latter; C. O. & G. Ry. Co. v. Burgess, 20 Okla. 653, 97 Pac. 271."

And it is further said in that case in the opinion:

"The foregoing authorities, together with the line of decisions therein cited, clearly support the general proposition that a married woman living with her husband and suing in her own name in actions for personal injuries may recover for loss of capacity to earn in her own separate right, for the mental and physical suffering caused by the injury and the probable effect that such injury may have upon her future health."

In the case of Moore et al. v. Moore, 59 Okla. 83, 158 Pac. 578, the first paragraph of the syllabus is as follows:

"Under the laws of Oklahoma, a woman, though married, retains her legal existence and personality, and may sue in the courts in her own name for the protection or redress of injury sustained to her reputation, person, property, or natural rights, the same as a man can do."

In the case of Vicksburg & Meridian Railroad Co. v. Putman, 118 U. S. 554, 7 Sup Ct. 2, 30 L. Ed. 257; Mr. Justice Gray, speaking for the court, said:

"In an action for a personal injury, the plaintiff is entitled to recover compensation, so far as it is susceptible of an estimate in money, for the loss and damage caused to him by the defendant's negligence, including not only expenses incurred for medical treatment, and a reasonable sum for his pain and suffering, but also a fair compensation for the loss of what he would otherwise have earned in his trade or profession and has been deprived of earning by the wrongful act of the defendant."

The weekly sums which the plaintiff received from her husband in consideration of her services in caring for the household constituted the plaintiff's income—her earnings—and if, as a result of her injuries, she was obliged to pay out of her allowance for doctor's bills, and a nurse bill, and pay for the help which her disabled condition made necessary, there appears to be no legal reason why these items of expense should not be taken into consideration by the jury under proper instruction of the court.

We have examined the instructions as a whole, and are of the opinion that they fairly state the law applicable to the case.

The judgment should be affirmed.

By the Court: It is so ordered.