TULSA CITY LINES, Inc. a Corporation, and Charles R. Pounds, Plaintiffs in Error,

v.

Patricia GEIGER, an Infant suing by George Geiger, her father and next friend, Defendant in Error.

No. 36217.

Supreme Court of Oklahoma.

Oct. 5, 1954.

326 ▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Rucher & Tabor, Tulsa, for plaintiffs in error.

Moseley & Raynolds, J. W. Hastain, Tulsa, for defendant in error.

WELCH, Justice.

The minor plaintiff, by her father and next friend, sued the defendants for damages alleging negligence of the defendants in the operation of a bus and resulting in personal injuries to the plaintiff. Trial resulted in verdict and judgment for the plaintiff and against the defendants for the sum of $16,000.

In appeal the defendants contend the trial court erred in the giving of certain instructions to the jury concerning permanent injuries and future pain and suffering, in that there was no evidence to establish these alleged items of damages to the plaintiff.

The record reflects that the plaintiff was riding in a station wagon when it was stopped for a stop light at a certain street intersection, and that shortly thereafter a bus being operated by the defendant ran into the rear end of the station wagon.

The plaintiff testified that upon such collision she was thrown from her seat in the station wagon and to the floor of the vehicle; that after the collision and during the day thereof her neck became stiff and sore and that such condition persisted for several weeks, accompanied with dizziness and headaches at times. That throughout the time since the collision she has, intermittently, suffered a stiffness and pain in her neck, and headaches.

Trial of the case was approximately two years after the collision. The plaintiff was examined by physicians shortly before the trial date. According to testimony of such examining physicians the plaintiff was then suffering from "an acute traumatic suboccipital neuritis." Under history given by the plaintiff, the said examining physicians assigned the collision of defendant's bus with the station wagon as the causative factor of the plaintiff's condition. One of the examining physicians testified that plaintiff's injury was of a type that is accompanied by a great deal of pain and discomfort and frequent headaches. Further

concerning the plaintiff's injury the witness testified:

"In this type of injury we usually try conservative treatment first consisting of heat, various local counter-irritants such as oil of wintergreen applied locally with rather massive doses of B-1 applied intravenously. If the pain is not relieved by this method, then head traction, using a halter is tried and then if this fails the usual routine procedure is used, injection or cutting of the suboccipital nerves. This type of entity might be quite resistant to treatment and the possibility of a cervical disk has to be considered if it does persist over a period of months."

Concerning the plaintiff, another examining physician testified:

"Diagnosis in this case was neuritis of the cervical nerve * * * We feel at the present time that this patient still has some intermittent pain and mild disability. It may be necessary to consider the use of further treatment in her case, such as the use of propocaine injection or section or division of the occipital nerve."

■ Under the plaintiff's testimony and the physicians' supporting testimony that plaintiff has suffered pain in the neck since the collision, and the physicians' testimony that such pain will continue in the future such as to require medical treatment, and if unresponsive, then surgery and separation or removal of nerve fibre, we find an issue of future pain and suffering and permanent injury was tendered and sufficient to justify an instruction thereon.

The defendants contend the court erred in giving certain instructions wherein certain city ordinances are set forth, and the jury is advised a violation of any such ordinances would be negligence.

The sections of ordinances set forth in the instructions provide, in substance, that every motor vehicle used upon the roadway shall be equipped with good and sufficient brakes; that no motor bus shall be operated in the city unless equipped with two independent sets of brakes, each set in good and efficient operating condition; that no motor bus shall be operated in the city unless the service brakes and the emergency brakes shall each be capable of bringing the bus to a stop from a certain speed and within a certain number of feet; that any speed greater than that which will enable the driver of a vehicle to stop within the assumed clear distance ahead is unlawful.

It was shown by the plaintiff that the station wagon in which she was a passenger was stopped on the street at a stop light, or at an expected stop, and that the station wagon on the street at such time and place was a considerable distance ahead of the defendants' bus, and that the bus proceeded to the point and to a collision with the rear end of the station wagon.

■ These circumstances in proof, unexplained, readily admit an inference that the bus was operated at an unlawful speed or without proper brakes or both, and in violation of the provisions of ordinances set forth in the court's instructions.

In defense, the defendant in evidence admitted a mechanical failure of brakes of the bus immediately before the collision, and explained the cause of such failure in apparent purpose to show a suddenness and nature of brake failure which could not have been foreseen by ordinary care and inspection.

■ The defendants' contention of error in the aforementioned instructions rests on an assertion that therein the court told the jury in effect that if the defendants' brakes failed, defendant would be liable. It is argued that under the court's instructions the jury had no alternative but to return a verdict against the defendants, and that there was a denial of consideration of the defendants' evidence and plea of unavoidable accident, and failure to consider defendants' denial of culpable negligence. Also the defendants contend the court erred in refusing to give their requested instruction which was to the effect that if the jury should find from the evidence that something broke or occurred with the

brakes of the bus, which could not have been foreseen and was not expected by the use of ordinary care, and such condition caused the accident, then verdict be for the defendants.

It is noted that the jury was instructed that a mere violation of an ordinance does not constitute actionable negligence; that it must be further found the violation of the ordinance was the proximate cause of injury, otherwise a violation of the ordinance is not to be considered in determining whether or not a party is guilty of negligence. The terms "proximate cause" and "unavoidable accident" were explained in the instruction given by the court, and the jury was instructed that if it found insofar as the defendants are concerned the accident was an unavoidable casualty, verdict should be for the defendants.

■ We find the instructions fairly present the law applicable to the defendants' plea and evidence of unavoidable accident and in denial of negligence, as well as the law applicable to the plaintiff's plea and evidence of negligence and resultant injury.

■ The rule as stated in Johnson v. Short, 204 Okl. 656, 232 P.2d 944, 945, is here applicable. Therein it was said:

"Instructions must be considered as whole and construed together, and while a single instruction standing alone may be subject to some criticism, yet, when the instructions, taken together in their entirety, fairly submit the issues to the jury, the judgment of the trial court on the verdict of the jury will not be disturbed. It is not necessary that any particular paragraph of the instructions contain all the law of the case; it is sufficient if, when taken together and considered as a whole, they fairly present the law applicable to the issues in the pleadings upon which competent evidence has been introduced."

The defendants assert the judgment of $16,000 is excessive.

Herein there was evidence that the plaintiff has long endured physical pain and suffering, and of probability of future pain and suffering, all resulting from the wrongful acts of the defendants.

■■ We have no right to place limitations upon the amount of damages returned by a jury, unless we are convinced that the amount of recovery bears no relation whatever to the evidence, or that it was induced by bias or prejudice on the part of the jury. Public Service Co. of Oklahoma v. Hawkins, 194 Okl. 272, 149 P.2d 783. A new trial should not be granted on the sole ground of excessive damages unless the amount awarded be so flagrantly outrageous and extravagant as to clearly show that the jury was actuated by passion, partiality or prejudice. Beatrice Creamery Co. v. Bagley, 173 Okl. 188, 47 P.2d 87.

■ There is no fixed rule or standard whereby damages for pain and suffering can be measured, and the amount of damages to be awarded for pain and suffering must be left to the judgment of the jury, subject only to corrections by the courts for abuse and passionate exercise. 15 Am. Jur. Damages § 72.

■ Herein, with consideration to the evidence showing pain and suffering alone, there appears a reasonable relation between the amount of recovery and the evidence. From the amount awarded it does not appear that the jury was actuated by passion, partiality or prejudice.

The judgment is affirmed.

HALLEY, C. J., and JOHNSON, V. C. J., and CORN, DAVISON, WILLIAMS and BLACKBIRD, JJ., concur.