SHEBESTER, INC., a corporation, and Charles Abram Evans, Plaintiffs in Error,

v.

James A. FORD, Defendant in Error.

No. 38708.

Supreme Court of Oklahoma.

March 21, 1961.

Rehearing Denied April 18, 1961.

Walter Hubbell, Walters, Mart Brown, Oklahoma City, for plaintiffs in error.

Richardson & Cavanagh, by Arthur L. Cavanagh, Lawton, for defendant in error.

DAVISON, Justice.

This was an action by James A. Ford against Shebester, Inc., a corporation, and Charles Abram Evans for damages for personal injuries resulting from a motor vehicle collision. The parties will be referred to as they appeared in the trial court.

Plaintiff was 51 years of age and worked as a roustabout and pumper and in oil field work. He was engaged in such work at the time the pickup truck in which he was riding was struck by defendants' truck. Plaintiff suffered extensive injuries. It was alleged in part in plaintiff's petition that his injuries consisted of: cerebral concussion, fracture of three vertebrae, spinal cord damage, fracture of seven ribs, fractured pelvis, fracture of left leg bone, fracture of a dorsal vertebra, fracture of hand bone, and wrenching and twisting of the nerves, ligaments and vessels in and about his neck and back. It was further alleged that plaintiff was hospitalized for four months and was immobilized on a stryker turning frame; that tongs were inserted

into his skull for cervical traction. The petition further alleged that as a result of said injuries plaintiff suffered and still suffers from mental confusion, loss of memory, a nervous condition, traumatic arthritis, loss of reflexability in the arms and legs and spasticity of all four extremities.

Plaintiff prayed that he recover as damages for his injuries (1) expenses for hospital and medical care, past and future; (2) loss of earning capacity from date of accident in the sum of $105,000; (3) pain and suffering, past and future, in the sum of $100,000; and (4) "permanent loss of health and detriment to his body as a whole", in the sum of $105,000.

Defendants filed a motion to strike from the petition either the allegation and prayer for damages for loss of earning capacity or the allegations and prayer for damages because of permanent loss of health and detriment to the body as a whole. Defendants urged these amounted to a plea for double damages. The motion was overruled.

The cause was tried to a jury. The court's instructions contained a statement of the pleadings of the parties and inter alia instructed as to the law applicable to the duties and obligations of the parties as drivers of their respective vehicles. The court further instructed in his instruction No. 12 as follows:

"Should you find from a preponderance of the evidence, under the instructions, in favor of the Plaintiff, then you may assess the amount of recovery for such damages, if any, which you find from a preponderance of the evidence were sustained by Plaintiff as a direct and proximate result of the accident, and which must not be oppressive or unconscionable, but which you find will fairly and reasonably compensate Plaintiff insofar as the same may be computed in money, and in this regard you may take into consideration the age of Plaintiff, the physical condition of Plaintiff immediately before and after the accident; the nature and extent of his injuries, if any; whether

the injuries, if any, are permanent or otherwise. The physical impairment, if any, the pain and suffering endured and likely to be endured in the future, if any, the doctor, hospital and nursing bills incurred, past and future, and award such sum as you determine will reasonably compensate Plaintiff therefor, not to exceed, in any event, the amount sued for, $318,709.90. (Given and excepted to by Defendants)."

The jury returned a verdict for plaintiff and fixed the amount of the recovery at $50,000.

Defendants have appealed and urge that the trial court erred in overruling their motion to strike and in giving Instruction No. 12.

Defendants' contention is that the effect of the complained of error is to give to the plaintiff a double recovery of damages for the same detriment.

From our examination of the record it appears that the evidence reasonably supports the allegations of injuries incurred by the plaintiff as a result of the collision. Evidence supporting the permanent effects of the injuries is that plaintiff has no recollection of transpiring events until about two months after the collision, and in remembering events and things or faces and acquaintances; has pain in his neck and back with any physical exertion; residual effect of injury to spinal cord with permanent spasticity of the extremities resulting in hyper-active reflexes which means they were too quick; spurring of vertebral bodies of the neck, denoting injury to the ligamentous structures in the cervical spine. The evidence further disclosed plaintiff lacked 25 degrees of having full abduction of the left shoulder (could not get his arm completely away from his left side). Normal abduction is 90 degrees. That there was a loose fragment of bone in the vicinity of the pelvis fracture; movement of the neck was permanently limited in all directions and he suffered from permanent arthritis, all as a result of the accident. The medical opinions ranged from complete in-

ability to perform roustabout work to ability to perform some of the duties of such work. There was evidence of past and future pain.

It is for the resulting collective detriment that plaintiff seeks compensation. Our statute providing the measure of damages for personal injuries is 23 O.S.1951 § 61, and provides as follows:

"For the breach of an obligation not arising from contract, the measure of damages, except where otherwise expressly provided by this chapter, *is the amount wihch will compensate for all detriment proximately caused thereby,* whether it could have been anticipated or not." (Emphasis ours.)

■ The statute does not enumerate the elements of the detriment. The function of the courts is to administer the law so that in a proper action and under proper allegations persons entitled to the benefits of the statute may be compensated in money for all such detriment. Plaintiff herein elected and sought to recover for the detriment resulting from his injuries by dividing it into the four elements or categories of damages above set forth. If loss of earnings and earning capacity is an element of the detriment, and permanent loss of health and detriment to the body as a whole is a separate element of the detriment, then plaintiff was entitled to recover for both.

In 15 Am.Jur., Damages, Sec. 70, page 478, it is said:

" * * * As in any tort action, recovery may be had for all the natural and proximate consequences of the defendant's wrongful act or omission, such as pain and suffering, including future pain and suffering, *loss of time and earning capacity,* loss of profits, *ill-health or disability naturally resulting from the wrong or injury,* subsequent aggravations of the injury proximately traceable to the original wrong, *and any other damage* that can reasonably be said to have followed *as the proximate consequence of the injury received,* even though the particu-

lar form or nature of the results is not contemplated or foreseen. * *" (Emphasis ours.)

In 15 Am.Jur., Damages, Sec. 75, it is stated:

"It is a rule in personal-injury actions that recovery may be had for permanent injuries or lasting impairment of health—that is, for the loss resulting from complete or partial disability in health, mind, or person thereby occasioned.

"The measure of damages in such cases is compensation for the disabling effect of the injury, past and prospective, including damages for loss of time, and impairment of earning power. The destruction or impairment of any physical function is a proper element of damages as is deprivation of mental power as a result of physical injury, as where the injury causes a permanent mental defect or disease."

See also 15 Am.Jur., Damages, Section 78, as follows:

"The destruction or impairment of any physical function is a proper element of damage, since the law assumes that every physical function and capacity is of importance in the life of every man and woman and that occasion will arise for the exercise thereof. * * *"

Since the alleged errors, if any, were inherent in both the petition and the instruction, we will dispose of the same as a single proposition. We point out that the difficulty, if there be any, is not in determining the right of plaintiff to recover for all of his detriment, but in determining the proper formula by which this may be accomplished.

■■■ If the lower court, as between the two alleged elements of detriment in controversy, had limited the recovery to permanent loss of health and detriment to the body, it is questionable that the plaintiff could have properly introduced evidence of loss of earning capacity. Impaired earning capacity and loss of earnings from personal injury are special damages and to be recoverable must be especially claimed in the petition. An allegation of permanent injury is not equivalent to an allegation of impaired earning capacity. Kennedy v. Van Horn, 77 Okl. 100, 186 P. 483. See also Fruechting v. Gilley, Okl., 259 P.2d 530, to the same effect except that the alleged injuries may necessarily import a loss of time.

■■■ On the other hand it would have been error for the trial court to strike from the petition the allegation of permanent loss of health and detriment to the body as a whole. Such allegation was comparable to an allegation of permanent injury and was a proper allegation of an element of detriment. It was a divisible portion of "all detriment" for which plaintiff sought compensation under the statute, supra.

In Tindall Motor Co. v. Mankin, 184 Okl. 231, 86 P.2d 625, we held the measure of damages for personal injuries was not limited to a percentage of loss of earning capacity. See also Thompson v. Walton, Okl., 297 P.2d 1084.

In Peppers Gasoline Co. v. Weber, 186 Okl. 471, 98 P.2d 1087, this court approved a recovery for permanent injury, pain, suffering and partial loss of earning capacity.

In Edwards v. Chandler, Okl., 308 P.2d 295, it was held there was no error in submitting to the jury in considering plaintiff's damages the matter of future pain and suffering and the permanent physical impairment plaintiff would allegedly experience. See also Tulsa City Lines v. Geiger, Okl., 275 P.2d 325, to the same effect.

The evidence is that plaintiff is limited in the movement of his head and neck and also his left shoulder and arm and that he has spasticity in all four extremities resulting in too quick reflexes in them, and further that there was hypothesia in the ulnar nerve of the left hand (plaintiff could not feel as well in that part of his hand). These constitute an impairment of physical functions, which so far as the evidence reflects, were previously otherwise unim-

paired. The condition is apparent to observation and is continuously present in all physical activities and functions of the plaintiff. Such condition may be described as being permanent loss of health and detriment to the body or as physical impairment.

Concerning compensation in damages for physical impairment, we quoted with approval in Rolater v. Strain, 39 Okl. 572, 137 P. 96, 99, 50 L.R.A.,N.S., 880, as follows:

"'It is to be assumed that every physical endowment, function, and capacity is of importance in the life of every man and woman, and that occasion will arise for the exercise of each and all of them. And to the extent to which any function is destroyed, or its discharge rendered painful or perilous by the wrongful infliction of personal injury, is the party complaining entitled to damages? We can, in other words, conceive of no physical injury, wrongfully inflicted, whether entailing pain only, or disfigurement, or incapacity, relative or absolute, to perform any of the functions of life, which may not be made the predicate for compensation in damages.'"

In Enid City Ry. Co. v. Reynolds, 34 Okl. 405, 126 P. 193, 195, we approved recovery of damages for personal injuries pursuant to the following instruction:

"* * * third, the probable effect of the injuries in the future upon her health, and generally any reduction of her power and capacity to perform the services and work to which she was accustomed and pursue the course of life which she might otherwise have done; * * *"

See also Muskogee Electric Traction Co. v. Wimmer, 80 Okl. 11, 194 P. 107, 113, in which we approved recovery under the following measure of damages given to the jury:

"'(1) The value of his time during the period he was disabled by the injury.

(2) *If the injuries have impaired Wimmer's power to earn money in the future, such sum as will compensate him for such loss of power.*

(3) Such reasonable sum as the jury shall award him on account of any pain and anguish he had suffered by reason of his injuries.

(4) Such prospective suffering and *loss of health,* if any, as the jury may believe reasonably certain to result therefrom, from all the evidence before them in the case, and that he will sustain by reason of his injuries.

(5) Such sum as the jury deem proper for the *inconvenience of going through life with one eye* and such mortification and anguish as Wimmer has suffered and will continue to suffer by reason of the mutilation of his face, and the fact that he may become an object of curiosity and ridicule among his fellows.'" (Emphasis ours.)

In Muskogee Electric Traction Co. v. Green, 91 Okl. 200, 217 P. 155, we stated in paragraph four of the syllabus:

"It is not error for the court to instruct the jury: 'And in making your estimate you may consider, first, such special expense as may be shown by the testimony to have been incurred by the plaintiff by reason of her injuries during the period of her disability; second, fair compensation for the mental and physical suffering caused by the injury; third, *the probable effect of the injury in the future upon her health, and generally any reduction of her power and capacity to perform the services and work to which she was accustomed and pursue the course of life which she might otherwise have done;* fourth, such expense as, in your judgment, she would likely incur in the future for medical services * *'" (Emphasis ours.)

See also Sinclair Oil & Gas Co. v. Armour, 172 Okl. 442, 45 P.2d 754.

In the complained of instruction in the present appeal the opening clause instructs that any damages awarded plaintiff must not be oppressive or unconscionable, but which will fairly and reasonably compensate plaintiff insofar as the same may be computed in money. In a similar situation the Supreme Court of Missouri in Keehn v. D. R. F. Realty & Investment Co., 328 Mo. 1031, 43 S.W.2d 416, 417, approved instructions to the jury in which it instructed as to pain and suffering and loss of earnings and also:

"'For such permanent injuries, if any, plaintiff will suffer by reason and on account of the injuries, if any, sustained on the occasion in question.'"

and in discussing the complaint as to double damages said:

"* * * The dominant thought is that the damages to be assessed should be fair, not double, compensation. It is inconceivable that the jury would understand that if they found the injuries suffered by plaintiff were permanent that they should assess double damages for the injuries when the instruction expressly authorized fair compensation. While the form of the instruction is not to be commended, the jury would clearly understand that in awarding damages they were to consider whether the injuries were temporary or permanent, and simply award fair compensation. * * *"

In Haggard v. Rogers-Schmitt Wire & Iron Co., Mo.App., 249 S.W. 712, 716, the court stated:

"* * * Of course, loss of earnings does not cover the same thing as pain and suffering, and it is true that an astute person might construe loss of future earnings to be covered by the allowance for permanent disability, or vice versa. However, the jury are presumed to be men of good ordinary sense, and to have followed each element of damage through its proper channel. It needs no argument to show that payment for future loss of earnings and damages for permanent disability are not the same thing, nor that the former is necessarily included in the latter."

In view of the above authorities we are of the opinion the lower court properly overruled the motion to strike and that while the form of the complained of instruction is not to be commended, yet, it is not such as to require vacation of the verdict and judgment and the matter remanded for a new trial.

Defendants urge that the amount of the verdict ($50,000) is indicative of confusion on the part of the jury and is evidence of double recovery of damages by the plaintiff. We do not agree. There was evidence of medical, nursing and hospital expense in excess of $8,000; pain and suffering, past and future; impaired earning capacity and of permanent injury. There is no absolute standard to measure such damages and a wide latitude of discretion is necessarily left to the good sense and discretion of the jury which fixes the award. Spicers, Inc. v. Rudd, 199 Okl. 576, 188 P.2d 692.

Affirmed.

BLACKBIRD, V. C. J., and WELCH, JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.

WILLIAMS, V. C. J., and HALLEY, J., dissent.

WILLIAMS, Chief Justice (dissenting).

The quoted portion of 15 Am.Jur., Damages, Sec. 70 (p. 478) merely enumerates items, some of which may possibly be recovered in an action growing out of a given accident. Such quotation does not state that "ill health or disability naturally resulting from the wrong or injury" and "loss of time and earning capacity" are recoverable as separate elements of damage in the same action. Note that the expression "such as" is used before the elements of damage are set forth. The question in the instant case is not whether one can recover for ill health or permanent disability, but

rather whether a recovery for such ill health or permanent disability necessarily includes loss of earning capacity. Certainly one does not have loss of earning capacity without ill health or permanent disability.

The first and second paragraphs of section 75 of 15 Am.Jur., Damages, are set out in the majority opinion.

The first paragraph of said section 75, defines permanent injuries or lasting impairment of health as the loss resulting from complete or partial disability in health, mind, or person. Cited in the footnote to such first paragraph is the case of Reed v. Jamieson Invest. Co., 168 Wash. 111, 10 P.2d 977, 15 P.2d 1119. In that case plaintiff struck all allegations for loss of earning capacity from his complaint, and was awarded damages for permanent injuries and medical expenses.

The second paragraph of this section states that the measure of damages for permanent injuries or lasting impairment of health is compensation for the disabling effect of the injury and this includes damages for loss of time and impairment of earning power. This is exactly the gist of my contention, i. e., loss of time and impairment of earning power are included in the damages for the disabling effect of the injury.

In the case of Fruechting v. Gilley, Okl., 259 P.2d 530, 534, relied upon by the majority opinion herein, is found the following language:

"In the case before us there is no allegation of loss of earning power accrued or certain to accrue in the future. There is no prayer for recovery of damages for impairment of earning power. We cannot assume that the scars suffered by plaintiffs were 'lifelong' in the absence of any testimony to that effect.

"The injuries of plaintiffs may or may not have been permanent. They may or may not have reduced the earning power of plaintiffs. The injuries were not of such nature and severity as to relieve plaintiffs of the burden of making proof of their permanency."

The court there seems to be indicating that if the plaintiffs had alleged and proven that their injuries were permanent, loss of earning power would have been included. With that, I agree.

I do not consider the case of Peppers Gasoline Co. v. Weber, 186 Okl. 471, 98 P. 2d 1087, 1092 as authority for allowing recovery for permanent injury and pain and suffering and with partial loss of earning capacity. Such question as an additional separate element of damage was not before the Court. In the opinion it is said:

"Since it is not contended that error was committed in instructing the jury that loss of 'earning power' could be considered, further discussion is unwarranted."

To my way of thinking, the measure of damages given in the instruction to the jury in the case of Muskogee Electric Traction Co. v. Wimmer, 80 Okl. 11, 194 P. 107, allowed plaintiff therein damages only for loss of earning capacity and for pain and suffering. The question involved was whether mutilation and mortification by reason of disfigurement was a proper measure of damage.

At page 114 of this opinion the court says:

"The Supreme Court of North Carolina in Britt v. Car. No. R. Co., 148 N. C. 37, 61 S.E. 601, sustained the admission of a statement by the plaintiff to the effect that it almost broke his heart to know that he would be a cripple for life, saying: 'This, however, is a part of the suffering, like the physical suffering, the decreased earning capacity, the cost of nursing and medical attention, which are a part of the "present and prospective loss" resulting from the injury, and the immediate and necessary consequences thereof.'"

The North Carolina Court set out 3 elements of damage, pain and suffering, de-

creased earning capacity and medical expenses.

The only part of the instruction of which complaint was there made was paragraph 5 and that because humiliation and mortification by reason of disfigurement were assertedly not correct measures of damage.

The phrase "loss of health" appears in element of damage No. 4 in that case. It follows "Such prospective suffering". Element No. 5 is as to pain and anguish plaintiff had suffered to that date. Apparently, element No. 4 is for future pain and suffering and anguish. "Loss of health" would result in pain and anguish in the future.

The majority opinion in this case quotes from the cases of Enid City Railway Co. v. Reynolds, 34 Okl. 405, 126 P. 193, 195, and Muskogee Electric Traction Co. v. Green, 91 Okl. 200, 217 P. 155, the following from the instructions on measures of damage:

"Third, the probable effect of the injuries in the future upon her health, and generally any reduction of her power and capacity to perform the services and work to which she was accustomed and pursue the course of life which she might otherwise have done."

The joining of probable effect of the injuries on future health and on reduction of earning capacity under "Third" would seem to indicate that they are to be considered together as one element and not separately. I think all that follows the word "generally" in such instruction is merely descriptive of the effect of the injury to one's health as reflected in decreased capacity.

The case of Haggard v. Rogers-Schmitt Ware & Iron Co., Mo.App., 249 S.W. 712, a 1923 Missouri case, is cited by the majority, to the effect that payment for future loss of earnings and damages for permanent disability are not the same thing and that the former is not necessarily included in the latter.

The later case of Murphy v. St. Louis Public Service Co., 362 Mo. 772, 244 S.W.

2d 31, 36, also decided by the Missouri Court, is not cited by the majority. In that case, in reversing, the court says:

"* * * it appears that the instruction submitted double compensation in that it allowed awards for impairment of earning capacity and for permanent injuries as separate elements of damage. We cannot say that the jury did not follow the instruction. * * *"

For the reasons above stated I respectfully dissent.

I am authorized to say that HALLEY, J., concurs in these dissenting views.