A & A CAB OPERATING CO.
v. GOSSETT.

Nos. 32759, 32990.   Dec. 9, 1947.

Rehearing Denied Jan. 27, 1948.

*188 P. 2d 849.*

He ' ert K. Hyde, of Oklahoma City, for ' intiff in error.

S. Montgomery, of Oklahoma City, for ndant in error.

C( J, J. Plaintiff brought this action recover damages for personal inju. alleged to have been received while paying passenger in one of defenda 's cabs as a result of the negligenc, f the driver in putting the cab in mc n while plaintiff was alighting therefr a, causing injuries of a painful and rmanent nature. In defense of the act defendant made a general denial and r alleged contributory negligence on the part of plaintiff.

Trial of the cause before a jury resulted in a verdict in plaintiff's favor for $6,000. Upon hearing of the motion for new trial the court ordered remittitur in the amount of $2,500, which plaintiff filed. The motion for new trial was overruled and defendant appealed from the verdict and judgment, this appeal being docketed in this court as No. 32759.

Thereafter defendant filed a petition for new trial upon the ground of newly discovered evidence which defendant had been unable to secure by exercise of due diligence before the trial. Upon hearing the trial court overruled the petition and defendant then appealed from this order, said appeal being docketed under No. 32990.

By stipulation of the parties and upon appropriate order of this court, the two appeals have been consolidated for the purposes of briefing and consideration.

Plaintiff's evidence was that she and a friend were passengers in one of defendant's cabs on the evening of June 23, 1945. Upon arrival at their destination the cab was facing (headed) in an easterly direction. Plaintiff's friend alighted on the right (south) side of the vehicle. Plaintiff, a large woman,

was attempting to get out on the left side when the driver suddenly started up, throwing plaintiff into or against the door and side of the car causing injuries to plaintiff's back, spine and internal organs. Plaintiff also testified she had always been in good health prior to the accident and had been able to work regularly as a laundress, but since her injury had been unable to work except infrequently.

Two days later plaintiff was forced to go to a doctor who treated her for severe pain in her back, legs, shoulders and abdomen, treatment having been continued up to the time of the trial. An X ray taken just before the trial was interpreted by plaintiff's doctor.

The doctor testified the lumbar vertebrae were displaced and in his opinion this condition was a result of the injury, caused the pain from which plaintiff suffered, and was of a serious and permanent nature; and that plaintiff also was suffering from a displaced uterus which caused pain and affected her nervous system; that it would be necessary for plaintiff to remain under a physician's care.

Defendant's evidence was directed toward showing that the accident did not occur as alleged by plaintiff. The driver testified he thought plaintiff had gotten out on the right side of the cab, ahead of the other passenger, and that he moved about two feet and when he looked around plaintiff was holding the door and told him she had torn her hose.

There was further testimony, by the defendant's investigator, that when he got in touch with plaintiff later on the night of the accident, she only wanted a new pair of stockings, did not claim to have been injured, and did not want to go to the hospital.

Defendant also offered medical testimony to the effect that the condition found to be present in plaintiff's lumbar vertebrae was osteo-arthritis probably resulting from a chronic infection, and that there was no dislocation of the vertebrae. This witness's testimony was based entirely upon interpretation of an X-ray picture and not from actual examination of the plaintiff.

Although the evidence as to the cause, nature and extent of plaintiff's injury was conflicting, there was competent evidence upon which the jury could base its verdict. In such cases the verdict of the jury will not be disturbed on appeal. Walker v. Oklahoma Nat. Gas Co., 188 Okla. 241, 107 P. 2d 997; Fisher v. Millspaugh, 192 Okla. 127, 134 P. 2d 579; Eastern Mach. Co. v. Conroy, 195 Okla. 37, 155 P. 2d 521.

The second and principal contention made by defendant is that the trial court erred in overruling defendant's petition for new trial upon the grounds of newly discovered evidence.

This evidence concerned an automobile accident in which plaintiff was involved on May 27, 1943, and in which she received certain injuries; proof that plaintiff was admitted to a hospital as a result thereof; and further evidence from a party with whom plaintiff lived at the time that plaintiff was seriously injured and complained of injury to "her spine, head, and base of her brain." This same witness also testified plaintiff had told her of being involved in another accident, as a result of which plaintiff bruised her back and thereafter complained of her back and spine.

Defendant urges that the evidence concerning the two earlier accidents was newly discovered and very material in view of the testimony of defendant's doctor that the impaired condition of plaintiff's back was a condition of long standing. Defendant further asserts that plaintiff desired to conceal the fact of the earlier accidents to prevent the jury from thinking her injuries might have resulted therefrom, and testified she had always been healthy and robust. The argument is that all of this testimony was very material, and related to distinct and inde-

pendent facts not brought out at the trial, and which proved that much of plaintiff's trouble resulted from these earlier accidents.

The record reveals that upon cross-examination the plaintiff was asked whether she had been in the Oklahoma City General Hospital on two different occasions in 1943, and denied being in the hospital twice that year, but did state that she had been in that particular hospital as the result of a car accident.

The defendant contends that the matters above mentioned constituted newly discovered evidence which could not have been discovered with due diligence before the trial, all of which was material to the case and which probably would have changed the result.

In view of the record, such argument is not persuasive. Defendant went into these same matters at the trial. Upon the basis of plaintiff's admissions that previously she had been in the hospital as a result of a car accident, defendant had sufficient information upon which to have based an immediate investigation, which would have revealed the same matters defendant contends was newly discovered evidence.

Our statute, 12 O. S. 1941 §651 (7), et seq., provides for the granting of a new trial upon the grounds of newly discovered evidence which could not, with reasonable diligence, have been produced at the trial.

It is settled that a motion or petition for new trial on the ground of newly discovered evidence is addressed to the sound discretion of the trial court. Hays v. Charter Oak Fire Ins. Co., 193 Okla. 617, 145 P. 2d 941. It is also established that, before a new trial can be granted upon the grounds of newly discovered evidence, due diligence in respect to such evidence must be shown and a failure to make inquiry of persons likely to know such facts shows lack of diligence. Parrish v. Nichols, 175 Okla. 251, 52 P. 2d 54. Also, see

Douthit et al. v. Scott et al., 195 Okla. 70, 155 P. 2d 538, and Kennedy v. Chadwell, 193 Okla. 304, 142 P. 979.

Judgment affirmed.

HURST, C.J., DAVISON, V.C.J., and BAYLESS, WELCH, GIBSON, ARNOLD, and LUTTRELL, JJ., concur.

Rehearing Denied Jan. 27, 1948.