OKLAHOMA RY. CO. v. STRONG.

No. 33621. Feb. 21, 1950.

*214 P. 2d 939.*

Richardson, Shartel, Cochran & Pruet, Frank M. Dudley, and R. C. Jopling, Jr., all of Oklahoma City, for plaintiff in error.

Hall & Cotten and Ed K. Brook, all of Oklahoma City, for defendant in error.

CORN, J. Plaintiff brought this action to recover damages alleged to have

resulted from a collision between his automobile and defendant's streetcar by reason of defendant's negligent operation of such streetcar.

The petition set out two causes of action, one for $5,250 for personal injuries sustained and doctor's bills incurred; the second for cost of repair and permanent damage to plaintiff's car amounting to $505.27.

Plaintiff alleged that on the day the accident occurred (April 24, 1946), he was driving from his place of business to his home, proceeding in an easterly direction on Eighth street to the intersection of that street with Broadway in Oklahoma City, Oklahoma. Arriving at the intersection he brought his car to a full stop and looked in both directions for approaching traffic; he observed defendant's southbound streetcar some 100 feet north of the intersection and approaching the loading zone where several persons stood, awaiting to be loaded as passengers. When the streetcar approached the north end of this loading zone, plaintiff entered the intersection at a low rate of speed, but because of the line of northbound traffic his progress was blocked before the rear of his automobile entirely cleared defendant's track upon which the southbound car was traveling, and defendant's streetcar struck plaintiff's car, causing the injuries for which plaintiff sought recovery, and also causing extensive damage to the automobile.

The petition alleged it was defendant's duty to keep a reasonable lookout for traffic crossing the tracks at the intersection, to operate its car with due regard to vehicular traffic there in view of existing conditions, and to give reasonable warning of the approach and entrance of its cars into the intersection. Negligence was alleged in that defendant failed: (1) to keep a proper lookout for crossing traffic; (2) to use reasonable precaution to avoid striking plaintiff's car; (3) to give proper warning signals, warning of the intention to pass through the loading zone without stopping, and to warn of the approach and entrance of the streetcar into the intersection.

Defendant denied the allegations of the petition, and pleaded contributory negligence of plaintiff in that he failed to keep his vehicle under control, to keep a proper lookout, in failing to take reasonable precaution to avoid the collision and to be able to stop in the assured clear distance ahead. Defendant further pleaded various city ordinances respecting vehicular traffic upon the city streets, and alleged plaintiff's violation of the ordinance requiring an automobile entering an intersection where required to stop, to yield the right of way to a vehicle already entering the intersection on the street where traffic is not limited.

By reply plaintiff denied the matters set forth in the answer, other than admitting the validity and effectiveness of the ordinances relied upon by defendant. Upon the issues so presented the case was tried to a jury, who returned a verdict for plaintiff for $2,000 upon the cause of action for personal injuries, and $405.27, for damages to the automobile.

The assignments of error are presented under two propositions upon which defendant seeks reversal of the judgment rendered, both of which are based upon alleged insufficiency of the evidence to sustain the judgment rendered. Defendant first contends the verdict and judgment are contrary to the law and the evidence; and that the trial court should have sustained defendant's demurrer to plaintiff's evidence, or the motion for directed verdict at the close of all the evidence.

The evidence in plaintiff's behalf may be summarized as follows: Plaintiff testified he stopped at the stop line on Eighth street and there observed traffic moving in both directions on Broadway, and at that time saw defendant's southbound streetcar about a block north, and several persons waiting in the loading zone at Eighth street. When the

traffic cleared sufficiently, plaintiff put his car in low gear and started to pull across the intersection, but the northbound traffic impeded his progress so that he was forced to stop with the rear portion of his car still upon defendant's southbound track. At that time plaintiff saw defendant's car some 50 or 100 feet north of the loading zone and then turned to look at the northbound line of traffic when a passenger in the rear seat of plaintiff's car "hollered" and he looked around in time to see defendant's car coming through the intersection whereupon it struck plaintiff's automobile. Plaintiff testified no bell or other warning signal was sounded. This testimony was corroborated by the passenger (sister-in-law) in plaintiff's car.

One witness (L. H. Crist) had been on a business errand in the vicinity (of Eighth and Broadway), and was crossing Broadway in order to reach the Eighth street loading zone and catch the southbound streetcar. This witness was a casual acquaintance of plaintiff, and had been a streetcar motorman. He testified that he waved to plaintiff, and then went on north across Eighth street and entered the loading zone; that he was in the loading zone with several others, and expected the streetcar to stop, but the streetcar ran through the loading zone without slowing down appreciably, although he thought the power had been cut off. The witness heard no warning signal.

Another witness for plaintiff was a passenger on this particular streetcar, and was sitting in the front portion of the car. She testified the car was full of passengers, some standing in the aisle, and was traveling at an excessive rate of speed; and, that the car did not slow down as it went into the intersection, after having gone through the loading zone, and there was no warning signal given.

Defendant's motorman testified he had a full load of passengers and stopped for a traffic light on Tenth street, but did not recall stopping at Ninth street, and did not stop at the Eighth street loading zone for the passengers waiting there. He was sounding the warning gong and saw plaintiff's car as the streetcar was entering the intersection, and plaintiff then was just coming to the stop sign, but plaintiff did not stop completely and proceeded on in front of defendant's car. He applied the brakes when the streetcar was approximately 15 feet from plaintiff's vehicle, but was unable to stop within that distance; after the collision the streetcar proceeded some 20 feet.

Cross-examination of this witness brought out that after applying the brakes he saw the impossibility of stopping in time to avoid a collision, and thereupon reversed the car in an effort to stop, but did not attempt this at first because he did not think it necessary, and to do so usually was damaging to the streetcar.

Other witnesses for defendant who were passengers testified the streetcar was proceeding at a low rate of speed, with the gong being sounded; that it was already in the intersection when plaintiff's auto came into the intersection at a good rate of speed (10-15 mph.). Defendant's car slowed down for the loading zone but did not stop and plaintiff's car ran in front of the streetcar and was struck at the back so that the damaged automobile was at the east or left-hand side of the streetcar and turned so that it pointed in a northwesterly direction.

It is defendant's contention that the only proof of plaintiff's various allegations of negligence was that concerning the failure to give warning of the intention to pass through the loading zone without stopping and that even this evidence was in sharp conflict. Defendant then argues that plaintiff saw the approaching streetcar and voluntarily placed himself in a position of peril and made no attempt to warn defendant of this or to extricate himself therefrom. Thus defendant urges that under the rule announced in Lusk

et al. v. Haley, 75 Okla. 206, 181 P. 727, defendant was justified in assuming plaintiff would remove himself from danger; and, that the failure to sound a warning where the plaintiff was in a safe position and knew of the approaching car, is insufficient ground upon which to predicate negligence since, even assuming that no warning was sounded, such failure would not amount to actionable negligence. See Schaff, Rec'r, v. Boland, 115 Okla. 191, 241 P. 792.

The plaintiff alleged defendant's duty to operate its streetcar with due regard to existing conditions, and also alleged specifically wherein defendant was negligent. Whether negligence existed in defendant's failure to properly operate its car in view of the circumstances was a question of fact for the jury, since where the facts are such that reasonable men might differ as to the inferences to be drawn therefrom, the question of negligence is for the jury. Thompson, Trustee, v. Cooper, Adm'r, 192 Okla. 237, 135 P. 2d 49; Spicer's, Inc., v. Rudd, 199 Okla. 576, 188 P. 2d 692.

It is further contended that the medical testimony wholly failed to show evidence of personal injuries sufficient to support the judgment.

For plaintiff there was medical testimony to the effect that as a result of the accident he sustained contusions and bruises over different parts of the body of a painful nature, a possible concussion which caused plaintiff to suffer from dizziness for some time thereafter, and an injury to the ligaments in his back which was painful and of a permanent nature. Prior to the accident plaintiff had actively operated his own business, but was totally incapacitated for about 60 days thereafter and eventually was forced to dispose of his business because of physical inability to attend thereto.

Defendant offered medical testimony by a physician who examined plaintiff about one year following the accident. Examination revealed that bruises and lacerations had healed, and no involvement was found from such injuries. Plaintiff's principal complaint was with his back and nervousness. From his examination this doctor concluded that plaintiff suffered no disability from the accident, there being no evidence of injury, but that the disability to his back resulted from extreme osteo-arthritis of the spine.

It was the duty of the jury, based upon consideration of such conflicting testimony, to determine the extent of plaintiff's injuries and to allow him recovery therefor in such amount as they believed, under all the evidence, would recompense him in money damages for the injury sustained, if any. See A. & A. Cab Operating Co. v. Gossett, 199 Okla. 612, 188 P. 2d 849. Whether a verdict for personal injuries is excessive depends upon the facts of the particular case. Phillips v. Ward, 195 Okla. 315, 157 P. 2d 450. And, a verdict for damages for personal injuries will not be set aside as excessive unless it clearly appears the jury committed gross error, acted under improper bias, influence or prejudice, or was totally mistaken as to the rules of law by which such damages are regulated. Spicers, Inc., v. Rudd, supra. Under this record no grounds appear for setting aside the verdict rendered.

Judgment affirmed.

DAVISON, C.J., and WELCH, GIBSON, LUTTRELL, HALLEY, JOHNSON, and O'NEAL, JJ., concur. ARNOLD, V.C.J., concurs in conclusion.