OKLAHOMA RAILWAY CO.
v. STRONG.

No. 33901. Jan. 16, 1951.

*226 P. 2d 950.*

Richardson, Shartel, Cochran & Pruet, F. M. Dudley, and R. C. Jopling, Jr., Oklahoma City, for plaintiff in error.

Hall & Cotten and Ed K. Brook, Oklahoma City, for defendant in error.

CORN, J. Plaintiff brought this action to recover damages for personal injuries and medical expenses alleged to have been sustained as the result of a collision between an automobile operated by her husband, in which she was a passenger, and defendant's streetcar.

The case was tried to a jury and resulted in a verdict for plaintiff for $6,500. Upon hearing of the motion for new trial a remittitur in the amount of $500 was ordered, and the motion for new trial was overruled, and judgment was entered for plaintiff for $6,000.

The appeal herein presented is a companion case to Oklahoma Railway Co. v. Strong, 202 Okla. 434, 214 P. 2d 939. The facts out of which plaintiff's cause of action arose are sufficiently set forth in the reported case, so that it is unnecessary that they be detailed again herein.

The assignments of error relied upon for reversal, with one exception, are presented under the proposition that there was no evidence of defendant's negligence, but that the evidence showed the proximate cause of the accident to have been an intervening cause, to-wit: the negligence of the driver of the car in which plaintiff was a passenger. Hence, defendant urges that the trial court erred in not sustaining defendant's demurrer to the evidence, or defendant's motion for directed verdict at the close of all the evidence.

Defendant urges that there was an absolute failure of proof of primary negligence on the part of defendant, or its agents and employees, which made the question of the existence of negligence a question for the determination of the trial court. See Stanolind Oil & Gas Co. v. Klaus, 193 Okla. 409, 144 P. 2d 955, and other cases therein cited. Likewise, defendant again urges that under the rules announced in Lusk et al. v. Haley, 75 Okla. 206, 181 P. 727, and Schaff v. Boland, 115 Okla. 191, 241 P. 792, failure to sound the warning bell as the streetcar came into the intersection was insufficient ground upon which to predicate negligence of the defendant.

The essential allegations of negligence made by plaintiff herein are substantially the same as those relied upon in the reported case, supra. The facts surrounding the collision from which plaintiff's injuries resulted are the same, and they are supported by substantially the same testimony. In the reported case we pointed out that, in view of the allegations of negligence and the evidence in regard thereto, the question as to the existence of negligence was properly left for the determination of the jury. Our decision in that respect must be considered as controlling in the present appeal.

There is left for consideration defendant's contention that the verdict and judgment are excessive and contrary to the law and the evidence. As the basis of this contention defendant asserts that the medical testimony failed to show evidence of personal injuries sufficient to justify either the amount of the verdict, or the amount for which judgment was rendered.

Plaintiff testified that prior to the accident she was well and in sound

health. The evidence was that as a result of the accident plaintiff's back was wrenched and bruised, and remained sore for several weeks. One ankle was badly sprained, remained swollen and painful for several weeks, and at the time of trial was still stiff and painful. Her right knee and right arm were severely bruised, became discolored, and remained stiff and sore for approximately 60 days. At the time of trial, some two years after the accident, plaintiff testified her knee remained stiff and sore. The attending physician testified that such injuries were very painful and affected plaintiff's nervous system, and as a result plaintiff remained in an extremely nervous condition, although most of her injuries were not of a permanent nature.

This physician, who attended plaintiff a few hours after the accident, also testified plaintiff's right breast was severely bruised, and that a mass was present under the bruised area. This condition still existed at the time of trial. The medical testimony was that this condition was a result of the accident, although it was impossible to ascertain whether such condition was of a malignant nature. The existence of this condition would necessitate plaintiff's undergoing painful surgery for removal of the tumor, and knowledge of this contributed to plaintiff's nervous condition.

For defendant there was medical testimony to the effect that if the lump or tumor in plaintiff's breast was discovered immediately after the accident, it could not have been a result of the accident, as such growth requires time to develop. This doctor also testified that trauma or injury is not responsible for, or a contributing cause to, the growth or development of a tumor of this kind. This physician's examination of plaintiff some two years after the accident revealed this tumor apparently unchanged in size or location. He further testified it to be impossible to ascertain whether such condition was malignant without removal by surgery and microscopic examination, and that

such condition should be removed by surgery immediately upon discovery.

It is recognized generally that, in determining whether a verdict for damages is excessive, each case must be ruled chiefly upon its own facts and circumstances. 15 Am. Jur., Damages, §206; Oklahoma City v. Hayden, 169 Okla. 502, 37 P. 2d 642; Phillips v. Ward, 195 Okla. 315, 157 P. 2d 450. Likewise, it is established that appellate courts may, in considering whether a verdict is excessive, consider the amount of verdicts rendered in similar cases. Chicago, R. I. & P. Ry. Co. v. De Vore, 43 Okla. 534, 143 P. 864, L.R.A. 1915F, 21.

In this connection we observe that consideration of reported cases discloses a wide variance between judgments which have been sustained for comparable injuries, and those which have been held to be excessive. No fixed criterion can be established for determining the amount of damages to be allowed for any particular injury to the human body. The amount to be awarded in any case depends upon the circumstances to be revealed therein, and the amount of verdicts approved in other cases cannot be considered as controlling. The great variance in the amount of judgments approved for particular injuries, as well as those which have been declared excessive, is clearly brought out in the exhaustive annotations in 46 A.L.R. 1230 and 102 A.L.R. 1125.

In Chicago, R. I. & P. Ry. Co. v. De Vore, supra, this court quoted the rule laid down by Chancellor Kent in Coleman v. Southwick, 9 Johns. (N.Y.) 45, 6 Am. Dec. 253, as follows:

"The damages, therefore, must be so excessive as to strike mankind, at first blush, as being, beyond all measure, unreasonable and outrageous, and such as manifestly show the jury to have been actuated by passion, partiality, prejudice or corruption. In short, the damages must be flagrantly outrageous and extravagant, or the court cannot undertake to draw the line; for

they have no standard by which to ascertain the excess."

The evidence upon which the jury based its verdict in this case has been noted. The nature and extent of plaintiff's injuries, the pain and suffering endured as a consequence thereof, the probability of future pain and suffering resulting from a condition which the jury found, from competent evidence, to have resulted from the injuries received, and the nervous condition induced by the accidental injury, heightened by plaintiff's knowledge of her condition, all were proper elements for the jury to consider in fixing the amount of plaintiff's recovery.

Nothing disclosed by this record could justify a finding that the verdict rendered was the result of passion and prejudice. Under the circumstances disclosed by this record, we cannot say the judgment entered is excessive.

Judgment affirmed.