DIXIE CAB COMPANY, a corporation, and Dewey Elam, Plaintiffs in Error,

v.

Luther SANDERS, Defendant in Error.

No. 36546.

Supreme Court of Oklahoma.

May 17, 1955.

George & George, Ardmore, for plaintiffs in error.

Champion & Wallace, by Wilson Wallace, Ardmore, for defendant in error.

CORN, Justice.

Plaintiff was a taxicab driver for the corporate defendant in Ardmore, Oklahoma. The local manager was the defendant Elam. Early on the morning of January 9, 1951, plaintiff picked up a passenger at an address on C street, and then drove north to 12th Avenue where he stopped at a stop sign. A city bus had preceded him and had turned west on the avenue. After other traffic cleared the intersection plaintiff turned west, the same direction in which the bus was traveling. The bus stopped at the intersection of D street and 12th Avenue to take on passengers and while stopped the taxicab ran into the rear of the bus. As a result of the collision plaintiff received certain injuries and was taken immediately to a local hospital, where he remained for two days, and was under doctor's care approximately two months after his discharge. Thereafter plaintiff filed a claim for compensation with the State Industrial Commission. Upon learning the defendant did not have compensation insurance this claim was dismissed, and plaintiff then brought this action to recover damages for personal injuries.

The petition alleged the cab, which plaintiff drove regularly in the course of employment, was defective and in such disrepair as to permit the exhaust fumes to escape into the vehicle; this condition had been called to defendant Elam's attention numerous times, but defendant refused to effect repairs and ordered plaintiff to continue driving the cab; the morning of the accident escaping fumes caused plaintiff to lose consciousness and the collision resulted; plaintiff's injuries and damage resulted from defendant's negligence in refusing to

repair and remove a dangerous condition of which defendant had knowledge, and in requiring plaintiff to continue operation of such vehicle, although owing the duty to furnish plaintiff a safe place and safe tools with which to work. The petition also alleged the corporate defendant was engaged in a business covered by the Workmen's Compensation Act, 85 O.S.1951 § 1 et seq., but had failed to comply with requirements thereof, or to file proof of self insurance. Plaintiff alleged the nature and extent of his injuries and asked damages for medical expenses, salary lost from inability to work, pain and suffering and permanent injury.

The corporate defendant answered admitting it was in a business covered in the Compensation Act, and following the accident, it had furnished plaintiff medical care in compliance therewith; plaintiff had elected to seek benefits under the Act by filing claim for compensation, thus resulting in the Industrial Commission acquiring jurisdiction of the matter; filing claim and accepting benefits constituted binding election which estopped plaintiff from claiming damages, and defendant stood ready to discharge duty as required by Workmen's Compensation Act. The answer also plead the accident resulted from plaintiff's negligence. Defendant Elam's answer was substantially the same as corporate defendant's, other than that the issue of assumption of risk was raised by amendment thereto.

Plaintiff's reply controverted the matter alleged in the answers, and set up that defendant Elam had fraudulently mislead plaintiff by representing that defendant carried compensation coverage, thus causing plaintiff to file his claim with the Industrial Commission; upon learning defendant had no coverage plaintiff had dismissed his claim and filed this action for damages.

Plaintiff's evidence was that in December he had advised Elam of the condition of the cab, and had been advised repairs would be effected after the holiday rush, but no work had been done; it was cold the morning of the accident and the windows were raised; plaintiff recalled stopping at the stop sign and observing a truck pass, but remembered nothing more until he recovered conscious-

ness in the hospital. He also testified defendant had not paid compensation or doctor bills, although defendant had paid hospital bills after the accident; the claim for compensation had been filed because of the defendant Elam's advice, and was dismissed when it was learned defendant had no Workmen's Compensation coverage.

The passenger who was in the cab when the collision occurred testified that he had ridden in plaintiff's cab numerous times within six months prior to the accident; after entering the cab plaintiff stopped at the stop sign and while waiting for the bus to proceed witness handed plaintiff the money for his fare and received his change; the bus turned onto 12th avenue and the cab waited for a transport truck to pass and then turned onto that street; witness did not observe the bus until the taxicab was nearly upon it; after the accident plaintiff was lying against the steering wheel and two men removed him to another car; upon entering the cab that morning the glasses were rolled up and he noticed the presence of fumes; which he had noticed on prior occasions, and these fumes caused his eyes to burn during approximate five minutes he was in the cab.

There was other testimony from a former employee of defendant that during December, 1950 and up to the time of the accident, plaintiff's cab gave off fumes to the extent that it could not be parked on the driveway in proximity to the office where this employee worked. There was medical testimony tending to establish that plaintiff suffered a fracture of his nose and two ribs, and that upon admission to the hospital he was unconscious and completely overcome by carbon monoxide poisoning. After release from the hospital plaintiff was under treatment until March 10, 1951, before being discharged.

Defendants offered evidence that the taxicab was in good condition and not subject to the defects mentioned; that plaintiff made no claim of having suffered carbon monoxide poisoning until during the time defendant was attempting to settle the Workmen's Compensation claim, some three months after the accident and received a bill

for medical services from the doctor who attended plaintiff. Defendant did pay the hospital bill some two months after plaintiff was out of the hospital.

After hearing the evidence, and receiving the trial court's instructions, the jury returned a verdict in plaintiff's favor and fixed his damages at $5,000. Defendants' appeal from the judgment rendered upon this verdict is predicated upon 30 separate assignments of error, which are argued under three propositions.

Defendant urges plaintiff was estopped to bring an action for damages by reason of first having filed a claim for compensation before the State Industrial Commission, and because he accepted benefits under such claim. In instances where a trade or business comes within purview of the Workmen's Compensation Act the presumption is that the employer either has secured compensation insurance coverage, or otherwise has complied with the law. Plaintiff, therefore, had the right to presume defendant had complied with the statute, thus justifying the filing of his claim before the State Industrial Commission. Likewise, under the statute, 85 O.S.1951 § 12, plaintiff had the absolute right to bring an action to recover damages for his injuries when it appeared defendant had failed to comply with the requirements of the statute by securing compensation insurance coverage upon its employees.

Defendant seeks to rely upon the general rule that bringing proceedings to secure compensation constitutes an election under the statutes. See C.J., Workmen's Compensation Acts, Sec. 1506. However, such rule is qualified to the extent that it is recognized generally that merely filing the statutory notice of injury does not operate as a bar to the injured party's right to sue for damages.

The record reflects that no compensation was paid plaintiff, although defendant paid the hospital bill. Defendant argues that this fact should be taken into account as evidence of its good faith in attempting to deal fairly with plaintiff in relation to his claim before the Industrial Commission.

We are cited to no authority to the effect that the mere filing of a claim for compensation, constitutes such a positive step as to preclude an injured employee from filing an action for damages, when subsequent to filing of such claim, it appears the employer has failed to comply with the statute. Under the circumstances here plaintiff had failed to proceed far enough, in attempting to assert his remedy, to be held to have elected to recover before the State Industrial Commission.

Defendants next contend the trial court committed reversible error in refusing defendants' requested instruction, and further prejudiced defendants by a certain instruction (No. 5) which was given the jury. Examination and comparison of the requested instruction with the given instruction discloses only an insubstantial variance. The gist of the requested instruction was that defendant admitted failure to provide Workmen's Compensation insurance but, with or without compensation coverage, plaintiff's right of recovery depended solely upon his having sustained an accidental injury arising out of and in the course of his employment; that, before he could recover plaintiff had to prove corporate defendant's negligence and that same was proximate cause of his injury; that defendant admitted liability to the extent plaintiff could recover under Workmen's Compensation Act, but such admission provided no proof of his right to recover in this action. No purpose would be served by setting out the instruction verbatim. Comparison of the foregoing with the matters covered by the instruction given reflects that the trial court adequately and correctly advised the jury as to each element properly to be considered respecting the issues included therein.

Complaint also is made that the instruction stated the parties stipulated defendant failed to carry compensation insurance, *or otherwise comply with such law*. The reasonable import of this language only could be that defendant had neither secured compensation coverage nor filed proof with the Industrial Commission that it was self insured. However, defendant urges since it proved payment of

the hospital bills, tender of the amount calculated as due plaintiff for his injury, and intention to pay reasonable medical bills, that the instruction given was sufficient to prejudice defendants and establish the inference that admission of liability before the Industrial Commission was full confession of responsibility and liability for plaintiff's accident and injury. This argument is unpersuasive. The rule is settled that where the instructions given fairly present the law applicable to the issues it is not error to refuse requested instructions. Carter Oil Co. v. Johnston, 208 Okl. 564, 257 P.2d 817.

Defendant further contends the amount of the verdict was excessive, out of proportion to any injuries sustained by plaintiff, and resulted from bias, passion and prejudice against the corporate defendant. The argument is that the parties and the witnesses were residents of Carter county, and that if the case had been tried there a jury would have been better able to evaluate the evidence. And, defendant also says that the weight of the evidence necessarily should force the conclusion that the accident could not have occurred in the manner and for the reason disclosed by plaintiff's evidence.

■ The corporate defendant was a foreign corporation, whose registered agent was located in Oklahoma City, Oklahoma. Under such circumstances it is unquestioned that venue of the action properly was in the county where the action was brought. No authority is cited by defendant, and we are unaware of any rule to the effect that because venue of an action is elsewhere than in a defendant's home county, a verdict rendered against such defendant by a jury composed of strangers to the parties resulted from bias, passion or prejudice because such jury was not qualified to evaluate the evidence.

■ There was positive medical testimony regarding the nature and extent of plaintiff's injuries, the length of time he required treatment, and the charges therefor, the period during which he was unable to work, and that he was subjected to pain and suffering as a result of his injuries. His earning capacity was established, and the evidence showed plaintiff was unable to work full time. The amount of the verdict fixed by the jury was within the permissible limits reflected by the evidence. In such cases a jury's verdict will not be disturbed on appeal where no prejudicial errors of law appear in the trial court's instructions, or in the rulings upon questions of law presented during the trial. Public Service Co. v. Sonagerra, 208 Okl. 95, 253 P.2d 169. See also Magnolia Pipe Line Co. v. Brown, 195 Okl. 345, 157 P.2d 184; Oklahoma Ry. Co. v. Strong, 202 Okl. 434, 214 P.2d 939; Id., 204 Okl. 42, 226 P.2d 950, in relation to question of alleged excessive damages.

Judgment affirmed.

JOHNSON, C. J., WILLIAMS, V. C. J., and DAVISON, ARNOLD, HALLEY, BLACKBIRD and JACKSON, JJ., concur.