**Sarah E. HUBBARD, Plaintiff in Error,**

**v.**

**Barbara COATES, Administratrix of the Estate of Thelma Compton, nee Stanley, Deceased, Defendant in Error.**

**No. 41597.**

Supreme Court of Oklahoma.

July 23, 1968.

John Allen Phillips II, Phillips & Moore, Durant, for plaintiff in error.

R. Kay Matthews, Atoka, James E. Driscoll, Seminole, by James E. Driscoll, Seminole, for defendant in error.

PER CURIAM:

Parties occupy here opposite positions from the positions they occupied in the trial court. The plaintiff in error will be referred to as defendant, and the defendant in error will be referred to as plaintiff or administratrix.

The defendant operated a nursing home in the Town of Atoka, Oklahoma, and Thelma Compton was employed by the defendant as cook. They started on a trip to Nevada in the defendant's Cadillac automobile. While travelling west on U.S. 62, at a point 1.9 miles west of the City of Altus, Oklahoma, an automobile accident occurred. Both women were injured in the accident. They were the only occupants of the defendant's car. Thelma Compton died in a hospital in Oklahoma City seventy-two hours after the accident.

From the pleadings and evidence, it appears the defendant was driving her automobile and started around a truck, referred to here as Vehicle A. At that moment, Vehicle A started around Vehicle B, which was immediately in front of Vehicle A and travelling in the same direction. Defendant then pulled her car sharply to the left to avoid Vehicle A and in so doing caused her car to run off the highway and it turned over. Soon after the accident, the two women were taken by ambulance to a hospital in Altus where their injuries were treated. That evening they returned to Atoka, the deceased in an ambulance and the defendant in a passenger car. The deceased, Thelma Compton, was taken to an Oklahoma City hospital where she died shortly after arriving there.

Barbara Coates, the daughter of Thelma Compton, was appointed administratrix of the Estate of Thelma Compton and is plaintiff in this action.

The defendant has raised three propositions for reversal which are:

1. Insufficiency of the evidence which proposition is broken down into five sub-heads.

2. The judgment is excessive and appears to have been given under the influence of passion or prejudice.

3. That the court committed error in the exclusion of certain evidence over the objections of the defendant.

We will discuss the foregoing in the above order.

It is unquestioned that the defendant drove her car off the road and that Mrs. Compton died as a result of the accident. The defendant contends there was insufficient evidence to go to the jury as to her negligence in the manner she operated her car.

It was alleged that defendant violated certain statutes and that such violations amounted to negligence per se. One of the statutes is 47 O.S.1961, § 11–303, which requires one to give an audible signal when passing another vehicle. The defendant argues: a) that said statute was complied with; b) that defendant was not required to be "reasonably assured" that the driver of the vehicle she was passing heard her horn. Defendant testified she honked her horn when her car was a few feet behind Vehicle A and that her horn continued to honk even as she lost control of the car and it wrecked. The defendant contends, at least in effect, that the driver of Vehicle A was negligent and that his negligence was the sole cause of the accident because Vehicle A attempted to pass Vehicle B while defendant was in the process of passing Vehicle A. The trial court upon this issue gave an instruction which advised the jury that the driver of an auto wishing to pass another going in the same direction " * * * must sound her horn when reasonably necessary to in-

sure safe operation to her vehicle, and before attempting to pass, she must be reasonably assured that the driver ahead knew she was behind, and heard the request, and accorded the right-of-way, before the driver of the car ahead can be charged with negligence in failing to give the right-of-way * * *". No exception was taken to this instruction or indeed to any of the court's instructions by either party as required by 12 O.S.1961, § 578, if error is to be asserted in the giving of such instructions. We are of the opinion that such instruction, if erroneous at all, was not fundamentally so as to warrant a reversal of the trial court. See Smith v. Clark (1926), 125 Okl. 18, 256 P. 36 and Belford v. Allen (1938), 183 Okl. 256, 80 P.2d 671. We think under the circumstances of this case the jury was justified in finding, as it apparently in effect did, that the defendant, when she sounded her horn and began to pass Vehicle A, was not "reasonably assured" that the driver of Vehicle A heard her signal. A reasonable inference from the evidence would be that apparently the Vehicle A driver not only did not hear the signal, but was not even aware of the presence of defendant's car, for he not only passed Vehicle B but both Vehicles A and B drove on and did not stop when defendant's car left the road and turned over. Under the circumstances, we think it reasonable to say that the driver of Vehicle A was not shown to have been guilty of sole negligence. He had the right, exercisable of course within the limits of ordinary care for the safety of others, to pass the vehicle ahead of him and it was defendant's duty, as the car approaching from the rear, to look out and be reasonably assured she could in safety pass Vehicle A before she attempted to do so.

■ It was for the jury to determine whether she was obeying the rules of the road and whether she was guilty of negligent driving, when she attempted to go around the truck in front of her and drove her car off the road. In effect the jury found the defendant was driving her car in violation of 47 O.S. § 11–305, which states:

"No vehicle shall be driven to the left side of the center of the roadway in overtaking and passing another vehicle proceeding in the same direction unless such left side is clearly visible and is free of oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be completely made without interfering with the safe operation of any vehicle approaching from the opposite direction or *any vehicle overtaken.* * * *" (Emphasis supplied)

Under the evidence the jury was justified in finding that defendant was negligent in attempting to go around the truck in front of her without being reasonably sure that she could safely get around the truck and car in front of her. See cases collected at 3 Oklahoma Digest, Automobiles ■

■ It is quite evident that the jury believed the defendant was not driving her car in compliance with 47 O.S. § 11–801, wherein it is provided that, "no person shall drive any vehicle upon the highway, at a speed greater than will permit him to bring it to a stop within the assured clear distance ahead." As we have said, the defendant had no assurance whatsoever that the driver of Vehicle A would not attempt to go around Vehicle B. This was of necessity a question for the jury. What constitutes negligence is for the jury, unless facts are such that all reasonable men must draw the same conclusion. See Spicers, Inc. et al. v. Rudd et al. (1948), 199 Okl. 576, 188 P.2d 692; Miller v. Dobbs (1937), 180 Okl. 576, 71 P.2d 737. There was sufficient evidence and defendant's first proposition is not well taken.

■ Defendant's second proposition that the judgment is excessive and appears to have been given under the influence of passion or prejudice is also without merit. The jury appears to have allowed $7,500.00 for pain and suffering. Seventy-two hours after the accident, Mrs. Compton passed away. There was evidence that she suffered pain from the time of the accident until her death. She had

fractured ribs, fractures in her chest and other injuries in her chest including possible heart damage. The jury had the duty of fixing the extent and severity of her pain and suffering. There is no conflict as to what caused deceased's pain and suffering and there was evidence as to the extent thereof. There is evidence sufficient to justify the verdict and as that was the function for the jury we see no reason to reverse or reduce the sum allowed, and it will not be done on appeal. See A & A Cab Operating Co. v. Gossett (1947), 199 Okl. 612, 188 P.2d 849.

For her third proposition the defendant urges that the trial court committed reversible error in the exclusion of certain evidence over the objections of the defendant. With this we cannot agree. To have permitted the Highway Patrolman Morgan to have answered the questions to which objections were sustained would have permitted him to have to state his opinion as to the cause of the accident and to thus invade the province of the jury. He was permitted to testify to everything he saw that was connected with the accident. He could not have accurately determined whether the defendant was properly driving her car at the time of the accident. We again say that this was a matter for the jury. We find no error in the trial court refusing to let the patrolman testify on this matter. See Kelso v. Independent Tank Co. (1960), Okl., 348 P.2d 855.

Judgment will be affirmed.

The Court acknowledges the aid of Supernumerary Judge Halley in the preparation of this opinion. After a tentative opinion was written, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.

DAVISON, WILLIAMS, BLACKBIRD, BERRY, LAVENDER, and McINERNEY, JJ., concur.

JACKSON, C. J., and IRWIN, V. C. J., concur in result.